SIDNEY MARTIN ET AL. V. C. D. HARTNETT & CO.

No. 108.

**Judgment in Trial of Right of Property.**

In a case for trial of the right of property under the statute, judgment by default was rendered. In the judgment it was necessary to determine the sum due the plaintiff (there being but one), and a failure to do so is ground for reversal. If the record on appeal discloses the amount, the judgment below should be reformed, in accordance with the statute ........................................................... 675·

CERTIFIED QUESTION from Court of Civil Appeals for Second District, in an appeal from Jack County.

Justice STEPHENS, having been of counsel, did not sit in this case.

This is a suit for the trial of the right of property, in which claim was made by Martin et al. to property attached under a writ in favor of Hartnett & Co. against one A. J. Birdsong.

Judgment was by default, and fixed the value of the property claimed at $1000, and assessed damages against the claimant at 10 per cent of this amount, and directed execution for the amount so adjudged and costs.

The record nowhere shows the amount of the plaintiff's claim.

The question certified is, " What effect, on appeal or writ of error, upon a record such as is set forth above, should be given to the failure of the court below to fix by its judgment the sum due to a single plaintiff, there being but one writ levied?"

*Stanley, Spoontz & Meek,* for plaintiffs in error.—The law in force when this judgment was rendered, January 5, 1892, in effect provides, that the judgment must fix the amount of plaintiff's demand, and provides that it may be discharged by the return of the property in ten days, after which execution may issue for the amount of plaintiff's debt. Rev. Stats., art. 4843, amended April 2, July 4, 1887, Acts 20th Leg., p. 104; Rev. Stats., art. 4845.

*T. D. Storer, R. P. Baker,* and *I. W. Stephens,* for defendants in error.

The Revised Statutes, article 4843, as amended, only requires the court to fix and state the amount of plaintiff's demand where there are more than one attachment levied on the same property. Where there is only one attachment, there can be but one demand, and it is sufficient for the court to ascertain and render judgment for the amount of that demand, without specifying it, eo nomine, as plaintiff's demand; and when this amount exceeds the bond, then judgment should be rendered for the amount of said bond. Rev. Stats., art. 4843, as amended; Bank v. Bates, 76 Texas, 329; Wrought Iron Range Co. v. Brooker, 2 Willson's C. C.,

secs. 231, 225; Garrity v. Thompson, 67 Texas, 4; Torrey v. Cameron, 73 Texas, 583; Graves v. Cameron, 77 Texas, 273.

GAINES, ASSOCIATE JUSTICE. — In answer to the question certified for our determination in this case, we say, that we are of the opinion that if the record before the Court of Civil Appeals disclosed the amount claimed in the writ of attachment, that court should so reform the judgment as to show such amount in accordance with the statute; but that since the transcript does not show that sum, the judgment should be reversed and the cause remanded, with instructions to the trial court to render judgment upon the default as heretofore rendered, and in addition thereto to fix in such judgment the amount of the claim of the plaintiffs in the attachment.

Delivered May 14, 1894.